UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES,

     Plaintiff,

v.

MODIVCARE SOLUTIONS, LLC,
MODIVCARE, INC., L. HEATH
SAMPSON, KENNETH SHEPARD, JODY
KEPLER, MATT SNYDER, AMANDA
HESS, CRYSTAL MCNEW, KEVIN
BOLDUC, CHRISTINA CAMPOPIANO,
MIKE QU,

     Defendants.

Civ. A. No. 1:23-cv-12303

## NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendants ModivCare Solutions, LLC, ModivCare Inc., L. Heath Sampson, Kenneth Shepard, Jody Kepler, Matt Snyder, Amanda Hess, Crystal McNew, Kevin Bolduc, Christina Campopiano, and Mike Qu (collectively, the "Defendants"), by and through their counsel, hereby notice their removal of this action, which Plaintiff commenced against them in the Superior Court for the Commonwealth of Massachusetts, Hampden County, captioned *Paul Jones v. ModivCare Solutions, LLC, ModivCare Inc., L. Heath Sampson, Kenneth Shepard, Jody Kepler, Matt Snyder, Amanda Hess, Crystal McNew, Kevin Bolduc, Christina Campopiano, and Mike Qu*, Civil Docket No. 2379-CV-00454 (the "State Court Action"), to the United States District Court for the District of Massachusetts.  The grounds for removal are as follows:

**I.      PLAINTIFF'S COMPLAINT AND PROCEDURAL HISTORY**

1.      On September 18, 2023, Plaintiff served his Verified Complaint ("Complaint") on defendants ModivCare Solutions, LLC, ModivCare Inc., L. Heath Sampson, Kenneth Shepard, Jody Kepler, Matt Snyder, Amanda Hess, Crystal McNew, and Mike Qu.  On September 20, 2023, Defendants' counsel agreed to accept service on behalf of defendants Kevin Bolduc and Christina Campopiano.  On October 2, 2023, the summonses for Mr. Bolduc and Ms. Campopiano were served via Sherriff to the office of Defendants' counsel.  Defendants attach hereto as **Exhibit A** copies of the Summonses and Complaint, which constitute all process, pleadings, and orders that Defendants received or of which they are aware.  *See* 28 U.S.C. § 1446(a).

2.      This Court has subject matter jurisdiction over this action because this is a civil action in which complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).

3.      Venue is proper in the United States District Court for the District of Massachusetts because it is "the district . . . embracing the place" where the State Court Action is pending—Hampden County, Massachusetts.  *See* 28 U.S.C. § 1441(a).

4.      This Notice of Removal is timely filed within 30 days of Defendants' receipt of Plaintiff's Verified Complaint.  *See* 28 U.S.C. § 1446(b)(1).

5.      Contemporaneous with the filing of this Notice of Removal, Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Hampden County Superior Court, where the action is currently pending, and will give written notice to Plaintiff.  *See id.* § 1446(d).

**II.**   **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6.      Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In this case, those requirements are met.

**A.**   **The Parties are Diverse**

1.      According to the Complaint, and upon information and belief, Plaintiff is a resident and citizen of the Commonwealth of Massachusetts, domiciled in Springfield, Massachusetts.  *See* Ex. A, Compl., ¶ 4.

2.      Plaintiff names as a defendant ModivCare Solutions, LLC.  "[T]he citizenship of a limited liability company 'is determined by the citizenship of all of its members.'"  *D. B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006)).

3.      ModivCare Solutions, LLC's sole member is ModivCare Inc., another defendant in this action.  ModivCare Inc. is a business corporation incorporated under the laws of State of Delaware, with its principal place of business in Colorado.  As such, ModivCare Solutions, LLC is a citizen of Delaware and Colorado for purposes of diversity jurisdiction.  *See Mehrotra*, 661 F.3d at 125.

4.      Plaintiff also names as a defendant ModivCare Inc.  For purpose of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."  28 U.S.C. § 1332(c).  A corporation's principal place of business is the

place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

5. As previously stated, ModivCare Inc. is a business corporation incorporated under the laws of the State of Delaware, with its principal place of business in Colorado. It is, therefore, a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c).

6. Plaintiff also names several individuals as defendants in this action. The citizenship of an individual is "determined by a person's domicile which is itself established by showing that the individual is physically present in the state and has an intent to remain indefinitely." *Malaro v. Wilkie, Jr.*, 640 F.Supp.3d 192, 195 (D. Mass. 2022).

7. The domicile of the individual defendants is as follows:

    a. L. Heath Sampson is a citizen of Colorado;

    b. Kenneth Shepard is a citizen of Colorado;

    c. Jody Kepler is a citizen of Tennessee;

    d. Matt Snyder is a citizen of North Carolina;

    e. Amanda Hess is a citizen of Virginia;

    f. Crystal McNew is a citizen of Virginia;

    g. Kevin Bolduc is a citizen of Maine;

    h. Christina Campopiano is a citizen of Rhode Island; and,

    i. Mike Qu is a citizen of Minnesota.

8. Because Plaintiff is a citizen of Massachusetts and Defendants are citizens of states other than Massachusetts, notably Delaware, Colorado, Tennessee, North Carolina, Virginia, Maine, Rhode Island, and Minnesota, this case is "between citizens of different states." 28 U.S.C.

§ 1332(a)(1).

9.      Diversity of citizenship existed between the parties at the time Plaintiff filed his Complaint and continues to exist to date.

**B.      Amount in Controversy**

10.      Plaintiff's requested relief places the amount in controversy in this action above $75,000.

11.      Although Plaintiff's Complaint does not demand a specific sum, the Court may find "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2).

12.      In his Complaint, Plaintiff claims Defendants violated the Massachusetts Wage Act, G.L. c. 149, §§ 148, 149, 150, and 151, by (i) failing to pay Plaintiff wages, including "minimum wages, overtime, wait time between rides, expense[s], vacation pay, maintenance, [and] cost[s]," and (ii) failing to timely pay Plaintiff upon his termination.  *See* Compl., Counts I and II. Plaintiff also claims Defendants violated the Massachusetts Wage Act by retaliating and discriminating against Plaintiff in violation of G.L. c. 149, § 148A and c. 151, §§ 19(1) and 5.  *See id.* at Count IV.  Plaintiff further alleges Defendants retaliated against him in violation of G.L. c. 151B, §§ 4(4) and 4A by "threatening, firing, [b]locking plaintiff from the portal, deactivating plaintiffs' access to [the] portal, refusing to pay plaintiff upon termination, and refusing to communicate with plaintiff."  *See id.* at Count V.

13.      Plaintiff seeks compensatory relief, including unpaid wages, costs, attorneys' fees, and interest, as well as statutory and punitive damages.  Plaintiff also seeks an award of treble damages pursuant to G.L. c. 149, § 150.  Statutory damage multipliers are included in the amount in controversy calculation.  *See, e.g., Vilaythong v. Sterling Software, Inc.*, 353 F.Supp.3d 87, 92-

93 (D. Mass. 2018) (considering treble damages under the Wage Act in assessing the amount in controversy).

14.     Based on Plaintiff's allegations and the relief sought in his Complaint, Defendants have a good faith belief that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii).[1]

15.     This Court, therefore, has original jurisdiction over this action because it is an action between citizens of different states and the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  The action is removable to this Court under 28 U.S.C. § 1441(a).

16.     Defendants will file a certified or attested copy of all records and proceedings and all docket entries filed in the State Court Action within 28 days.  *See* Loc. R. Civ. P. 81.1.

17.     By filing this Notice of Removal, Defendants do not waive any defenses available to them.

## III.     CONCLUSION

18.     This Court has original jurisdiction over this action and so it may be properly removed to this Court under diversity jurisdiction.

19.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully request that this matter proceed as an action properly removed to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Hampden County.

---

[1] In making these initial calculations of approximate damages, Defendants do not imply that Plaintiff is entitled to any relief in this action.  Defendants only assert that the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a).

Respectfully submitted,

MODIVCARE SOLUTIONS, LLC, MODIVCARE INC., L. HEATH SAMPSON, KENNETH SHEPARD, JODY KEPLER, MATT SNYDER, AMANDA HESS, CRYSTAL MCNEW, KEVIN BOLDUC, CHRISTINA CAMPOPIANO, MIKE QU,

By their attorneys,

Dated: October 6, 2023

*/s/ Monica Snyder Perl*
Monica Snyder Perl (BBO# 681573)
Madison M. Keller (BBO# 707353)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
*mperl@fisherphillips.com*
*mkeller@fisherphillips.com*

## CERTIFICATE OF SERVICE

I, Monica Snyder Perl, counsel for Defendants, certify a true copy of the foregoing was served on October 6, 2023 via first-class mail and email upon the following:

Paul Jones
79 Thompson Street
Springfield, MA 01109
617-939-5417
*Pj22765@gmail.com*

*/s/ Monica Snyder Perl*
Monica Snyder Perl